UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRADFORD T. KING,

        Plaintiff,

vs.                              **Case No.   2:06-cv-96-FtM-99SPC**

HOMEBANC MORTGAGE CORPORATION;
PATRICK S. FLOOD,

        Defendants.
_____
MARK MELLMAN,

        Plaintiff,

vs.                              Case No.   2:06-cv-97-FtM-99DNF

HOMEBANC MORTGAGE CORPORATION,
PATRICK S. FLOOD,

        Defendants.
_____
CARY MARCHARD,

        Plaintiff,

vs.                              Case No.   2:06-cv-112-FtM-29DNF

HOMEBANC MORTGAGE CORPORATION,
PATRICK S. FLOOD,

        Defendant.
_____
ROBERT RODRIGUEZ,

        Plaintiff,

vs.                              Case No.   2:06-cv-135-FtM-99DNF

HOMEBANC MORTGAGE CORPORATION,
PATRICK S. FLOOD,

        Defendants.
_____
JOHN S. RUDOLPH; AMANDA L. RUDOLPH,

                Plaintiffs,

vs.                             Case No.   2:06-cv-196-FtM-99SPC

HOMEBANC   MORTGAGE   CORPORATION;
PATRICK S. FLOOD,

                Defendants.
_____

MICHAEL B. GOTTLIEB,

                Plaintiff,

vs.                             Case No.   2:06-cv-197-FtM-29DNF

HOMEBANC   MORTGAGE   CORPORATION,
PATRICK S. FLOOD,

                Defendants.
_____

LUCIAN ROBINSON,

                Plaintiff,

vs.                             Case No.   2:06-cv-203-FtM-29SPC

HOMEBANC   MORTGAGE   CORPORATION;
PATRICK S. FLOOD,

                Defendants.
_____

**ORDER**

     This matter comes before the Court on plaintiffs' Amended and Supplemental Motion to Restrain, or in the Alternative Limit, Defendants' Ex-Parte Communications with Putative Class Members Throughout Trial and to Issue Corrective Notice (Doc. #32), filed on May 25, 2006.  Defendants filed a Response (Doc. #49) and Amended Response (Doc. #52) with supporting Affidavits on June 6 and 7, 2006.  Plaintiffs sought leave to file a reply on June 21,

2006, and simultaneously filed a Reply (Doc. #98).  The Court has reviewed and considered the Reply.

Plaintiffs allege that defendants are taking action to intimidate and coerce potential class members to prevent participation in these cases.  Plaintiffs, therefore, seek to restrain or limit communication by defendants with potential class members and for the issuance of a notice to members to disregard the alleged threats of adverse employment action, and stating their rights to join the lawsuit.  Defendants counter that plaintiffs rely on unsigned affidavits and misleading facts, and submit their own version of the events.  The Reply takes issue with some of these factual representations.

Having reviewed the motion, response and reply, the Court finds that the motion is due to be denied because plaintiffs have not satisfied the legal standard which would allow the Court to restrict or limit defendant's ability to communicate with its current and/or former employees.

Accordingly, it is now

**ORDERED**:

1.  Plaintiffs' Motion to Restrain, or in the Alternative Limit, Defendants' Ex-Parte Communications with Putative Class Members Throughout Trial and to Issue Corrective Notice (Doc. #28) is **DENIED** as moot.

2. Plaintiffs' Amended and Supplemental Motion to Restrain, or in the Alternative Limit, Defendants' Ex-Parte Communications with Putative Class Members Throughout Trial and to Issue Corrective Notice (Doc. #32) is **DENIED**.

3. Plaintiffs' Agreed Motion for Leave to File Reply (Doc. #97) is **GRANTED**.  The Reply will remain as filed and is accepted.

4. Plaintiffs' Supplemental Request for Expedited Oral Argument and Subsequent Evidentiary Hearing, if Necessary, (Doc. #30) on the motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record