IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.  2:06-CV-96-FtM-99SPC

BRADFORD T. KING,
On behalf of himself and all others
similarly situated,

    Plaintiff,

v.                                      **COLLECTIVE ACTION**

HOMEBANC MORTGAGE
CORPORATION, a foreign corporation,
and PATRICK S. FLOOD,

    Defendants.
_____/

**PLAINTIFFS' MOTION DIRECTED TO THE CHIEF JUDGE
OF THE DISTRICT TO REASSIGN CASE FROM THE
FORT MYERS DIVISION TO THE ORLANDO DIVISION**

Plaintiffs in all cases, jointly move through undersigned counsel, to reassign the above-captioned case from the Fort Myers Division of the Middle District of Florida to the Orlando Division of the Middle District of Florida, and state as follows:

**SUMMARY**

In choosing venue for filing this Complaint, Plaintiff, Bradford T. King, initially found venue proper in the Fort Myers Division of Middle District of Florida, under 28 U.S.C. §1331(b) and (c), because the Plaintiff resides in the Division and a substantial part of the events or omissions giving rise to these claims occurred in this Division.  Additionally, the Defendants conduct business in this Division. Pursuant to Local Rule 1.02(e) of the United States District Curt of the Middle District of Florida, Plaintiff requests the Court to reassign this action to the

Orlando Division of the Middle District of Florida for good cause due to extreme and unforeseen circumstances that require such a transfer in the interest of justice.

## FACTS

1. This is a collective action complaint filed against Homebanc Mortgage Corporation ("HomeBanc") and Patrick S. Flood in the Fort Myers Division of the Middle District of Florida.

2. The Plaintiff, Bradford T. King, has filed this case in the Middle District, where venue and jurisdiction were proper.

3. Pretrial proceedings in this case were heard by Judge Virginia M. Hernandez Covington who was transferred to Jacksonville.

4. Eleven other cases were filed in the Middle and Southern Districts concerning similar facts and allegations against the above-named defendants.

5. The Court has granted Defendants' Motion to Consolidate all of the Middle District cases to the Bradford King case [Docket Entry 64].

6. On August 1, 2006, as a result of a loan taken by his wife through Defendant HomeBanc with one of the named Plaintiffs as loan officer [Docket Entry 129] Judge Steele entered an Order requiring the clerk not to refer any motion that requires disposition by a District Judge to Judge Steele [Docket Entry 139]. In addition, the order prohibits reassignment of this case to Judge Steele, if reassignment is necessary.

7. Currently, Judge Steele is the only available judge in the Fort Myers Division, capable of hearing matters that require disposition by a District Judge in this case.

## **ARGUMENT**

Local Rules for the Middle District of Florida state where each county's actions and proceedings will be tried: "The Fort Myers Division shall consist of the following counties: Charlotte, Collier, DeSoto, Glades, Hendry and Lee. The place of holding Court shall be Fort Myers." Local Rule 1.02(b)(5). The Rules also state the circumstances in which a District Court may, at its discretion, effectively order a transfer of venue:

> "The Court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other Division for trial, or from one place of holding court to another place of holding court in the same Division."

Local Rule 1.02(e).

The Rules do not otherwise refer to the considerations relevant to an order transferring venue from one Division to another with the District. However, Rule 1.02(e) does provide a sufficient standard to allow such discretion in granting transfer requests. The Court's discretion under the Rule to grant transfer is tied to a good cause standard. "'Good cause' is a reasonable and intelligible standard that does not force people of general intelligence to guess at its meaning and therefore is not 'void for vagueness.'" *McCallum v. City of Bidderford*, 551 A.2d 452, 453 (Me.1988). This Court has held that it is within the power of the Chief Judge, through the administrative authority as Chief Judge, to assign the case from one Division to another. See, *U.S. v. Ansley*, 2006 WL 485109 (M.D.Fla. 2006). This Court further held that transfer was for a "good cause" and appropriate, when all judges in the Division recuse themselves. See, *Id.*

The initial Plaintiff in this case initially filed suit in the Middle District, and pursuant to Local Rule 1.02(b)(5), the case was designated to the Fort Myers Division. However, on August 1, 2006, the presiding judge, the Honorable John E. Steele, ordered the clerk not to refer any

matter in this case to him. [Docket Entry 139] Being the only judge in that Division with the capacity to hear a motion for certification of class action, Judge Steele's order, in essence, has left the Court with no ability to address the aspects of Plaintiffs' claims needing disposition by a District Judge in a timely fashion.

Subsequent to the initial filing, six other claims were brought in the Middle District[1] and were consolidated. It is the Plaintiffs' intention to consolidate these actions with the pending Southern District actions under Rule 42(a) of the Federal Rules of Civil Procedure in the Middle District of Florida and a motion is already pending before this Court. The Court has reserved ruling on this issue [Docket Entry 161] pending ruling on Plaintiffs' Motion to Certify (Docket Entry 53]. These 12 separate actions allege the same FLSA violations and claims against the same Defendants and involve common questions of fact and law. Accordingly the Court found as to the Middle District cases that consolidation of these actions would serve the convenience of parties and witnesses involved and promote just and efficient conduct of litigation. The same argument would hold for the Southern District cases that is, that this centralization is necessary and desired in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve resources of parties, their counsel, and the judiciary. However, due to the unforeseen delay in the case in front of this Court, Plaintiffs in all cases will be prejudiced against and it will become impossible to manage these cases. For example, it is possible that trial may occur in the Southern District prior to ruling on the certification motion.

---

[1] *Mellman v. HomeBanc Mortgage Corporation and Patrick S. Flood,* Case No. 2:06-CV-97-FtM-33DNF
*Marchand v. HomeBanc Mortgage Corporation and Patrick S. Flood*, Case No. 2:06-CV-112-FtM-29DNF
*Rodriguez v. HomeBanc Mortgage Corporation and Patrick S. Flood*, Case No. 2:06-CV-135-FtM-33DNF
*Gottlieb v. HomeBanc Mortgage Corporation and Patrick S. Flood,* Case No. 2:06-CV-197-FtM-29 DNF
*Rudolph, John S. and Rudolph, Amanda L. v. HomeBanc Mortgage Corporation and Patrick S. Flood,* Case No. 2:06-CV-196-FtM-33SPC
*Robinson v. HomeBanc Mortgage Corporation and Patrick S. Flood,* Case No. 2:06-CV-203-FtM-29SPC

28 U.S.C. §1404(a) requires that a transfer to another District be granted only to a District where suit could have been filed. Courts in this Circuit have interpreted this requirement to refer to the time complaint was filed. See, *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271, 1281 (S.D.Fla. 2001). In this case, although the Plaintiffs would suggest that transfer to the Southern District is desirable, there is no case authority for the suit to be transferred to the Southern District, because venue was not proper when the complaint was filed. Although there is a sitting judge presiding over five cases, which were likewise consolidated thereon, future consolidation of this case in the Southern District (if certification as class action was possible in that District), will also prejudice the 121 Plaintiffs who have already opted into the Middle District case. Therefore, the only avenue the Plaintiff has, in these circumstances, is to request a reassignment, for good cause and in the interest of justice, of this case to the Orlando Division of the Middle District of Florida, so that pretrial proceedings may resume in this case.

Respectfully submitted this 1st day of March, 2007.

> ADAMS, CASSIDY & PICCOLO
> *Attorneys for Plaintiff Bradford T. King*
> One East Broward Boulevard
> Suite 1410
> Ft. Lauderdale, Florida 33301
> Phone: (954) 764-6450
> Fax: (954) 764-6448
> e-mail:   Madams@marshall-laws.com
>             Npiccolo@marshall-laws.com
>
> By  /s/E. Nannette Piccolo
>      Marshall A. Adams, Esquire
>      Florida Bar No.: 712426
>      E. Nannette Piccolo, Esquire
>      Florida Bar No.: 0530311

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed this 1st day of March, 2007 and served upon: William A. Clineburg, Esquire, Matthew A. Boyd, Esq., Ryan Scott Ferber, Esq., Amanda C. Kunz, Esq., King & Spalding LLP, 1180 Peachtree Street, N.E., Atlanta, Georgia, 30309-3521 and Denise L. Wheeler, Esquire, Carl Joseph Coleman, Esquire, Fowler White Boggs Banker, 2201 Second Street, Ft. Myers, Florida 33901 and John F. Mariani, Esq., Gunster, Yoakley & Stewart, P.A., Phillips Point, Suite 500 East, 777 South Flagler Drive, West Palm Beach, FL  33401-6194.

      ADAMS, CASSIDY & PICCOLO
*Attorneys for Plaintiff Bradford T. King*
One East Broward Boulevard
Suite 1410
Ft. Lauderdale, Florida 33301
Phone: (954) 764-6450
Fax: (954) 764-6448
e-mail:   Madams@marshall-laws.com
         Npiccolo@marshall-laws.com

By  _/s/E. Nannette Piccolo_____
    Marshall A. Adams, Esquire
    Florida Bar No.: 712426
    E. Nannette Piccolo, Esquire
    Florida Bar No.: 0530311