IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRADFORD T. KING,

    Plaintiff,

v.  **Case No. 2:06-cv-96-FtM-99SPC**

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

    Defendants.
_____

MARK MELLMAN,

    Plaintiff,

v.  Case No. 2:06-cv-97-FtM-99DNF

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

    Defendants.
_____

CARY MARCHARD,

    Plaintiff,

v.  Case No. 2:06-cv-112-FtM-29DNF

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

    Defendants.
_____

ROBERT RODRIGUEZ,

       Plaintiff,

v.                                                                                     Case No. 2:06-cv-135-FtM-99DNF

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

       Defendants.
_____

JOHN S. RUDOLPH and AMANDA L. RUDOLPH,

       Plaintiffs,

v.                                                                                     Case No. 2:06-cv-196-FtM-99SPC

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

       Defendants.
_____

MICHAEL B. GOTTLIEB,

       Plaintiff,

v.                                                                                     Case No. 2:06-cv-197-FtM-29DNF

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

       Defendants.
_____

LUCIAN ROBINSON,

        Plaintiff,

v.                                         Case No. 2:06-cv-203-FtM-29SPC

HOMEBANC MORTGAGE CORPORATION,
and PATRICK S. FLOOD,

        Defendants.

---

## **DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

In accordance with Rule 37(a)(2)(B) and 37(d) of the Federal Rules of Civil Procedure, Defendants move to compel discovery and specifically request that the Court compel Opt-in Plaintiffs Harvey Auger, Mark Baker, Philip Balis, Brian Bhalla, Joya S. Birge, Andrew Busa, Erick Cantele, Michele Collie, Janine M. Cook, Brian Damasiewicz, Debbie Dawson, Brent Edwards, Tamara Ellis, Tim Gibson, David Glibowski, Joel Green, Jeff D. Halt, Anthony Harris, Todd Henley, Michael Hearn, Lawrence Horenstein, Oben Marcus Jones, Jr., David Katz, Ken Kilinski, Steven Kilinski, Seta King, William B. Kirk, Jr., Ignatius (Peter) Konsoulas, Craig Lebhaft, Richard LeComte, Craig Linton, Tiffany Maddox-Ming, Monica L. Manigault, Marc E. Mays, Matthew McAloon, Kerry Milligan, Tracey P. Minnich, Robert J. Murray, Daniel T. Norman, Brendan Pagano, Margaret Pagano, Julius Pappas, Garry Pate, Sherina Pate, Marc Paul, Jesse J. Poole, Elton Price, Adam Daniel Rodes, Fernando Rodrigues, Marc Rogers, Richard Romano, Jeffrey M. Schlein, Thomas Sheridan, Peter D. Sorofman, David Tufts, Kara Lerry Vera-Urker, Ronald C. Vitello , and Patrick Weir (hereafter, "Opt-in Plaintiffs") to respond to the written discovery served on them by Defendants on

September 12, 2006; impose sanctions on Opt-in Plaintiffs for failure to serve responses to discovery; overrule and strike any objections to the discovery that Opt-in Plaintiffs may raise; and award Defendants' reasonable expenses, including attorney fees, incurred in bringing this motion.

Defendants' Motion is warranted for the following reasons:

1. Defendants served discovery requests on Opt-in Plaintiffs on September 12, 2006. All of the Opt-in Plaintiffs are represented by the same attorneys: Adams, Cassidy & Piccolo.

2. Defendants' counsel granted two extensions to Opt-in Plaintiffs' counsel, the last one expiring on November 9, 2006.

3. Opt-in Plaintiffs have failed to respond to these discovery requests, except for boilerplate interrogatory responses delinquently mailed on February 5, 2007 (*i.e.*, three months after the deadline) by 14 of the 58 Opt-in Plaintiffs on whom discovery was propounded.[1]

4. Defendants still have not received responses to their requests for production from any of the Opt-in Plaintiffs, a single document from the Opt-in Plaintiffs, or interrogatory responses from 44 of the 58 of the Opt-in Plaintiffs.

5. Opt-in Plaintiffs' counsel have not filed a motion for a protective order.

---

[1] Ignatius Konsoulas, Andrew Busa, Erick Cantele, Brian Damasiewicz, Lawrence Horesentein, Thomas Sheridan, Julius Pappas, Margaret Pagano, Karen Urker, David Katz, Joel S. Green, David Tufts, Tracey P. Minnich and Jeffrey Schlein.

6.      Prior to filing this motion, Defendants' counsel conferred with Opt-in Plaintiffs' counsel on five separate occasions beginning on December 7, 2006 in a good faith effort to resolve this dispute.[2]

7.      Most recently, on February 24, 2007, Defendants' counsel spoke with Opt-in Plaintiffs' counsel by phone. During that call, Opt-in Plaintiffs' counsel promised to have the complete responses "by Friday" (*i.e.*, March 2, 2007). As of this Motion's filing, Defendants have not received anything.

8.      The discovery deadline was recently extended to September 28, 2007.

9.      The undersigned attorneys certify that the Motion is filed in good faith.

## SUPPORTING MEMORANDUM OF LAW

Despite their eagerness to bring claims against Defendants, Opt-in Plaintiffs have shown a complete lack of interest in complying with the basic discovery obligations attendant to those claims. Defendants' written discovery requests have gone unanswered for months. But to comply with the Court's discovery schedule, Defendants have produced over 33,000 pages of materials, including the personnel files and commission statements of all of the Opt-in Plaintiffs who now improperly fail to respond to discovery. Without the benefit of answers to their discovery requests, Defendants have had to refrain from deposing the Opt-in Plaintiffs. Defendants will be prejudiced if Opt-in Plaintiffs are permitted to maintain this litigation while refusing to cooperate in discovery.

---

[2] See Email from S. Ferber to M. Adams *et al.*, dated December 7, 2006 (appended as Exhibit A); Email from S. Ferber to M. Adams *et al.*, dated January 16, 2007 (appended as Exhibit B); Email from S. Ferber to M. Adams *et al.*, dated February 2, 2007 (appended as Exhibit C); Email from S. Ferber to M. Adams *et al.*, dated February 22, 2007 (appended as Exhibit D).

Accordingly, Defendants respectfully request that the Court grant their Motion to Compel and, in accordance with Rules 37(a)(2)(A), 37(a)(4)(A) and 37(d), sanction Opt-in Plaintiffs by requiring Opt-in Plaintiffs to provide full and complete responses to Defendants' written discovery requests, overruling any objections Opt-in Plaintiffs may raise, awarding Defendants their reasonable expenses, including attorney fees, incurred in filing this motion, and providing all other appropriate relief.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff Bradford T. King, a loan officer employed at HomeBanc's Naples/ Ft. Myers store, initiated this dispute by filing a complaint on behalf of himself and other current and former loan officers alleging that he and the putative class members had been misclassified as overtime-exempt employees under the Fair Labor Standards Act of 1938 ("FLSA").[3]  This case was later consolidated with the claims of seven other former loan officers.

2.      On June 22, 2006, Plaintiffs filed an "Agreed" Motion to Extend Deadlines to File Motion to Amend or Add Parties,[4] which the Court partially granted on August 4, 2006, extending the deadline to file motions to add parties or amend pleadings (*nunc pro tunc*) to July 19, 2006.[5]

---

[3] King v. HomeBanc Mortgage Corp. and Patrick S. Flood, U.S.D.C., M.D. Fla., Civil Action No. 2:06-cv-96-FtM-99SPC, filed February 21, 2006.

[4] [Doc. No. 101]. In Defendants' June 23, 2006 response, they noted that although they did not object to Plaintiffs' request to extend the deadline, they never "agreed" to the Motion, as it was styled by Plaintiffs. In fact, plaintiffs' counsel did not even provide defense counsel with a copy of the Motion before its filing. [Doc. No. 106].

[5] [Doc. No. 145].

    3.    As of July 19, 2006, fifty-eight loan officers had opted-in to the King lawsuit.

    4.    On June 2 and 5, 2006, the parties held a Rule 26(f) conference.

    5.    On September 12, 2006, Defendants served their First Interrogatories and Requests for Production on the Opt-in Plaintiffs.

    6.    Defendants did not receive any responses to this written discovery by the due date of October 15, 2006.

    7.    On October 17, 2006, two days after the deadline had passed, Opt-in Plaintiffs' counsel called to request a twenty-day extension of the deadline, or until November 9, 2006, which defense counsel granted.

    8.    On December 7, 2006, four weeks after the extension had passed, Defendants informed Opt-in Plaintiffs that if they did not respond to the discovery requests by December 13, 2006, Defendants would file a Motion to compel if responses were not received.[6]

    9.    Opt-in Plaintiffs' counsel sent an email later that day stating they would "deal with [Defendants] on the opt-in discovery".[7]

    10.    Over four weeks passed without any word from Opt-in Plaintiffs, and so, Defendants emailed Plaintiffs on January 16, 2007 inquiring about the Opt-in Plaintiffs' discovery responses.[8]

---

[6] See Exhibit A.
[7] See Exhibit A.
[8] See Exhibit B.

11. Defendants emailed Opt-in Plaintiffs again on February 2, 2007 and February 22, 2007 but received no responses to either email.[9]

12. Defendants' counsel spoke with Opt-in Plaintiffs' counsel yet again on February 24, 2007. Although Opt-in Plaintiffs' counsel again promised to provide discovery, it has yet to be received.

13. To date, over four months after the extended deadline's expiration and almost five months after the initial deadline, Defendants have never received the required responses or a request for additional time to respond.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Opt-in Plaintiffs Should Be Sanctioned For Their Outright Failure To Respond To Defendants' Discovery.

Under Rule 37(d), if a party fails to serve answers or objections to interrogatories or requests for production, the court "may make such orders in regard to the failure as are just", including an order (1) that certain facts shall be deemed established; (2) refusing to allow the party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; or (3) striking pleadings or dismissing the action or any part thereof.[10]

Sanctions are appropriate here. Opt-in Plaintiffs have had almost five months to respond to Defendants' written discovery, have repeatedly promised to provide it, and yet have failed to respond (with the exception of 14 Opt-in Plaintiffs' anemic interrogatory

---

[9] See Exhibits C and D.
[10] Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2); see also Phipps v. Blakeney, 8 F.3d 788, 789 (11th Cir. 1993) (district court has broad discretion to control discovery and may impose sanctions on uncooperative litigants).

responses mailed three months' late), object, or move for a protective order, nor have they offered any excuse for their utter failure to comply with their discovery obligations. Instead, they have chosen to ignore their obligations despite Defendants' repeated good faith efforts to secure responses without the Court's intervention. Accordingly, sanctions should be imposed.

### B. The Court Should Deny All Objections Opt-in Plaintiffs May Raise.

If the Court permits Opt-in Plaintiffs to respond to discovery, it should rule that all objections have been waived.[11]

### C. The Court Should Award Defendants Their Reasonable Expenses, Including Attorneys' Fees, Incurred in Filing This Motion.

Rules 37(a)(4)(A) and 37(d) mandate that the Court should require Opt-in Plaintiffs to pay Defendants' their reasonable expenses in making this Motion, including attorney fees. As ruled by the Eleventh Circuit, Rule 37 "mandate[s] that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."[12] As stated above, Defendants' counsel have made repeated, good faith efforts to obtain discovery without Court action by granting extensions and making numerous requests to Opt-in Plaintiffs' counsel. Opt-in Plaintiffs' counsel have repeatedly represented that the discovery production was imminent. Defendants' good faith has not been reciprocated.

---

[11] See, e.g., Alexander v. Certegy Check Servs., Inc., No. CIVA 2:05CV449-MHT, 2006 WL 1515841, at *2 (M.D. Ala. May 30, 2006) (granting motion to compel and holding objections irrelevant).

[12] Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1159 (11th Cir. 1993).

Although courts avoid punishing a plaintiff for its attorney's actions,[13] courts may award attorney fees as an alternative to dismissal.[14] As the Eleventh Circuit has noted, the apportionment of fault between an attorney and client in imposing sanctions under Rule 37(a) is the Court's responsibility.[15] An award of attorney fees and costs in this instance will reduce the prejudice caused Defendants by the refusal of Opt-in Plaintiffs and their counsel to respond to Defendants' discovery requests.

## CONCLUSION

For the reasons set forth in this Motion and accompanying memorandum of law, Defendants respectfully request that the Court:

(A) Sanction Opt-in Plaintiffs for their failure to respond to discovery;

(B) Compel Opt-in Plaintiffs to provide full and complete responses to the written discovery served on them by Defendants;

(C) Not permit any objections to the discovery, and

(D) Award Defendants' reasonable expenses, including attorneys' fees.

A proposed Order is attached.

Respectfully submitted this 9th day of March, 2007.

                                                 */s/ Ryan Scott Ferber*\*
                                                William A. Clineburg, Jr.*
                                                Georgia Bar No. 170550
                                                Matthew A. Boyd*

---

[13] See, e.g., Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).

[14] See, e.g., Maraline, Int'l, Ltd. v. Avis, Case No. 8:03-CV-1477-T-27MAP, 2005 U.S. Dist. LEXIS 37886, at *6-7 (M.D. Fla., Apr. 19, 2005) (denying motion to dismiss plaintiff's complaint for failure to provide adequate discovery and ordering plaintiff's counsel to pay attorney's fees and costs to the defendant as a lesser sanction).

[15] See id.

8

                                                                             Georgia Bar No. 027645
Ryan Scott Ferber*
Georgia Bar No. 142082
Amanda C. Kunz*
Georgia Bar No. 142177
(*Admitted *Pro Hac Vice*)

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax: (404) 572-5135
E-mail: bclineburg@kslaw.com
E-mail: mboyd@kslaw.com
E-mail: sferber@kslaw.com
E-mail: akunz@kslaw.com

                                                                             John F. Mariani (FBN: 263524)
Joseph G. Santoro (FBN: 0150649)

GUNSTER, YOAKLEY & STEWART, P.A.
Phillips Point - Suite 500 East
777 South Flagler Drive
West Palm Beach, FL 33401-6194
Tele.: (561) 655-1980
Fax: (561) 655-5677
E-mail: jmariani@gunster.com
E-mail: jsantoro@gunster.com

                                                                             ATTORNEYS FOR DEFENDANTS
HOMEBANC MORTGAGE
CORPORATION and PATRICK S. FLOOD

I HEREBY CERTIFY that on March 9th, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ Ryan Scott Ferber\**
Ryan Scott Ferber*
Georgia Bar No. 142082
(*Admitted *Pro Hac Vice*)

## SERVICE LIST

*KING ET AL. V. HOMEBANC MORTGAGE CORPORATION ET AL.*,
Case No. 2:06-cv-96-FtM-99SPC
U.S.D.C., M.D. FLA.

ADAMS, CASSIDY & PICCOLO
One East Broward Blvd., Suite 1410
Ft. Lauderdale, FL 33301
E-mail: madams@marshall-laws.com
E-mail: bcassidy@comcast.net
E-mail: npiccolo@marshall-laws.com
ATTORNEYS FOR PLAINTIFFS

Counsel have been served with this document via the Notice of Electronic Filing generated by the CM/ECF.